The Court took time for advisement, and afterwards their opinion was delivered as follows, by
Parsons, C. J.
The interest of Symonds must depend on the effect of his endorsement.
A security, negotiable in its creation, must, during its negotiation, preserve its negotiable quality; otherwise, when assigned, the assignee would hold a contract by the assignment different from the contract assigned. It is for this reason settled, that a negotiable note endorsed in blank, or by a * direction to pay the [ * 227 ] contents to A. B., omitting the words, “or his order” is further negotiable by the holder under such endorsement. It is also settled that when a negotiable security is endorsed, “ Pay the *196 contents to my use,” (1) or, “ to the use of a third person,” or, “ Carry this hill to the credit of a third person,” such an endorsement is not an assignment of the security, but is only an authority to pay the money agreeably to the direction of the endorsement. There are other restricted endorsements also made; as, “ Pay the contents to A. B. only.” Whether this endorsement is only an authority to A. B. to receive the money for the use of the endorser, or for his own use, if made for- value received, or whether in this last case the restriction is not void, and A. B. may further negotiate it, seems not to be settled. If the property of the note be vested in A. B., perhaps he will hold it with its negotiable quality, notwithstanding the restriction. But of this we give no opinion.
The case at bar is a restricted endorsement of another kind, and which in practice is very common. The promisee of a negotiable note endorses it to a third person, or his order, for value received, stipulating that the endorser is not to be responsible, if the maker does not pay it. If, notwithstanding this stipulation, the endorser is answerable, if the maker do not pay the note, then the witness, Symonds, is interested, and ought not to have been sworn.
Upon consideration, we are of opinion that the promisee, endorsing the note under this express stipulation, is not eventually holden to pay the -note, if the maker should not. As the promisee had the property of the note, he might dispose of it on what terms he pleased, with the assent of the purchaser, and the latter cannot complain of the necessary effect of his own agreement; and the endorser cannot be charged upon his own Contract, directly against the express intent of it. If this opinion is correct, Symonds, after this restricted endorsement, had no inWest in the event of the suit, and was a competent witness.
Another point of some importance arises, which involves the question, whether, by this restricted endorsement, the property of the note passed to the endorsee, so that he may [ * 228 ] * sue upon it in his own name. If the restriction applied to the quality of the contract, so as to render a negotiable security no longer negotiable, there would be some difficulty in allowing, consistently with legal principles, an endorsement of this effect to operate as a transfer of the note. But this is not the effect of the restriction ; the note remains negotiable in the hands of the endorsee, although he has no remedy against the endorserand in whose hands soever the note may come, the maker is still liable, according to the terms of his original contract, *197 to pay to the promisee or his order. The note, therefore, being the absolute property of the plaintiff, and Symonds being a competent witness, the verdict must stand, and judgment be entered accordingly.

 [Sigourney vs. Lloyd, 8 B. & Cr. 622.-3 M. & S. 58. -3 M. & F 229.-3 Y. & J. 220.—5 Bingh. 525.—Ed.]