# ELLIOT CHICKERING *versus* DANIEL GREEN-LEAF.

To support a count, in which it was alleged that the defendant, by his note, promised to pay $200, in two years, with interest, and a count for money had and received, a note was offered in evidence, which contained a promise, as follows, " I promise to pay $200 in two years, with interest, out of any property I may possess, my body being at all times exempted from arrest"—it was held that the words, " out of any property I may possess," were not intended as a qualification of the promise to pay, but as a reservation collateral to the promise, and intended to confine the remedy, upon the note, to the property of the defendant, and that the note was evidence proper to support either count.

But the court directed that no execution should issue against the body of the defendant.

ASSUMPSIT. The first count was as follows—" for that the said Greenleaf, at Concord aforesaid, on the 5th January, 1827, by his promissory note, under his hand, of that date, for value received, promised the plaintiff, to pay him two hundred dollars in two years, with interest ; yet &c.

The second count was for money had and received.

The cause was submitted, to the decision of the court, upon the following case.

The defendant, on the 5th January, 1827, made and delivered to the plaintiff, a note in the following words.

" January 5th, 1827. For value received, I promise to pay Elliot Chickering, two hundred dollars, in two years, with interest, out of any property I may possess, my body at all times being exempted from arrest by virtue of any process at law, founded on this note.

DANIEL GREENLEAF."

And it was agreed that, if, in the opinion of the court, the said note was proper evidence to support either count in the declaration, judgment should be rendered

for the plaintiff, but if otherwise, the plaintiff should be nonsuit.

*Fletcher*, for the plaintiff.

*Rogers*, for the defendant.

*By the court.* The question in this case is, whether the words in the note, " *out of any property I may possess,*" were intended as a qualification of the promise, or were merely intended to confine the remedy, for any breach of the promise, to the property of the defendant, without recourse to an arrest of the body?

If the latter be the true meaning of the note, it is proper evidence to support either count in the declaration. For the promise must then be understood as an absolute promise to pay, in money, in two years, and these words, in the note, as containing a reservation merely collateral to the promise, and therefore properly omitted in declaring upon the note. 6 East, 564, *Clark* v. *Grey* ; Law Pl. in assumpsit, 78—82 ; 4 Dowling and Ryland, 211, *Coombs* v. *Ingram* ; 3 Mass. Rep. 225.

But if these words, in the note, were intended to qualify the promise, and make the amount of the note payable in any property Greenleaf might possess after the two years, then the promise is not absolute, but is upon the contingency of Greenleaf's having property ; and the promise is to pay, not in money, but in any property he may possess ; and the note is not proper evidence to maintain either count in the declaration.

On the whole, we are inclined to the opinion that these words were not intended as a qualification of the promise. The promise is, to pay, not *in*, but *out* of any property he may possess. If the intention had been to make the words a qualification of the promise, the words used would, in common parlance, have been " *in any property I may possess.*" The words used are more appropriate to denote what was to be liable to process, than what was to be received in payment. It is also to be remarked, that, although it is not uncommon to make a note

payable in specific articles, yet, it is believed, that nobody would think of making a note payable in any property he might possess, or, in other words, in any property of his that could be attached or taken in execution. But it may very well be conceived that the debtor might wish for a stipulation that should make his property only, liable for the debt. And we think it a strong argument in favor of this construction of the note, that these words are immediately followed by the clause, which declares, that the body shall not be liable to arrest, by virtue of any process.

We are of opinion that the plaintiff is entitled to judgment ; but as it appears that, by the contract, the body of the defendant was not to be liable to arrest, we shall order the clerk, in issuing the writ of execution, to omit the clause which directs an arrest of the body.

*Judgment for the plaintiff.*