## James Abbott *vs.* Abner Mitchell *& al.*

The payee of a negotiable note, who has indorsed it " *without recourse,*" is a competent witness for the indorsee, in an action against the maker, to prove that a material alteration of the note was made by the promiser at the time it was signed, and before its delivery to the payee.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Assumpsit on a note given by the defendants to *John Albee,* and by him indorsed to the plaintiff " *without recourse.*" After the note had been read to the jury, the *defendants* called the subscribing witness thereto, who testified, that he put his signature to it at the time it was given, and that the words " with interest," had since been added. The plaintiff thereupon called *Albee,* the indorser, *without recourse,* and having offered him a discharge signed by the attorney of record, offered to prove by the indorser, that the words, *with interest,* were written by *Nathaniel Mitchell,* one of the defendants, with the consent of the other, at the time the

Abbott *v.* Mitchell.

note was signed, and before it was delivered to him. The defendant objected to the witness as incompetent from interest.

The Judge was of opinion, that *Albee* was an incompetent witness, by reason of his interest, and excluded him. The plaintiff filed exceptions.

*Bradbury,* for the plaintiff, contended, that the witness offered was competent to testify in *England.* 2 *Stark. Ev.* 744 ; 1 *Ld. Raymond,* 745 ; *Chitty on Bills,* 415 ; *Dickinson* v. *Prentice,* 4 *Esp. R.* 32 ; *Barber* v. *Gingall,* 3 *Esp. R.* 62. And he was clearly competent by the decisions in *Massachusetts,* made too while we were a part of that State. *Rice* v. *Stearns,* 3 *Mass. R.* 225 ; *Barker* v. *Prentiss,* 6 *Mass. R.* 430 ; *Parker* v. *Hanson,* 7 *Mass. R.* 470. And in *Connecticut. Cowles* v. *Hart,* 3 *Conn. R.* 516.

*Vose,* for the defendant, contended, that the indorser was not a competent witness, and cited 2 *Stark. Ev.* 745 ; *Bayley on Bills,* 376 ; *Herrick* v. *Whitney,* 15 *Johns. R.* 240 ; *Shaver* v. *Ehle,* 16 *Johns. R.* 201.

The opinion of the Court was drawn up by

WESTON C. J. — On an indorsement without recourse the better opinion is, that the indorser is liable upon an implied warranty that the note is genuine. When the question is, whether the note is genuine or a forgery, he has been held incompetent. *Herrick* v. *Whitney,* 15 *Johns. R.* 240 ; *Shaver* v. *Ehle,* 16 *ib.* 201.

It may admit of question, whether if a jury had found in this case, that the note is unavailable, by reason of an alteration, it would conclude the proposed witness, or be evidence for or against him, if sued by the holder. If the plaintiff prevails, he will be relieved from the hazard of such a suit. But this contingency, it has been said, does not render him incompetent, but is matter of observation to the jury. *Chitty on Bills,* 9th *Amer. Ed.* from the 8th *Eng. Ed.* 654.

But notwithstanding the authorities cited from *New-York,* and the legal ground upon which they appear to rest, we must regard the law to have been decided otherwise in *Massachusetts,* when we were a part of that State, and the decisions there equally binding on us.

In *Rice* v. *Stearns & al.* 3 *Mass. R.* 225, which was an action on a negotiable note, by the indorser against the makers, where two of them denied their signatures, the indorser, at the risk of the indorsee, was received as a competent witness to prove them genuine. And this was so held, although it was contended, that the witness would be liable, if the note was a forgery. So in *Parker* v. *Hanson*, 7 *Mass. R.* 470, the payee of a negotiable note, who had indorsed it "not to be holden," where the question was, whether it had been materially altered, was held to have no interest in the event of the suit. It may however be said, that he was there called to testify against his interest, if he had any. In *Barker* v. *Prentiss*, 6 *Mass. R.* 430, an indorser without recourse, was admitted to testify, that the indorsement was not made to transfer the bill to the plaintiff, but as the agents of the payee, for collection only. There also the witness testified against his interest, if he had any; but *Parsons C. J.* said, that if the plaintiff failed in the action, he would have no recourse to the witness. In *Cowles* v. *Hart & al.*, 3 *Conn. R.* 516, which was an action by the indorsee of a bill against the drawer, the cases from *Massachusetts* are cited with approbation, and an indorser without recourse was received as a witness for the plaintiff.

Upon the whole, we do not feel justified in denying the authority of the case of *Rice* v. *Stearns & al.* upon the authority of which the witness rejected here was admissible.

*Exceptions sustained.*