## Schofield *v*. Lafferty.

*Practice, C. P.—Pleading—Statement—Mutual insurance company—Assessment—Receivers.*

The plaintiff's statement in a suit by the receiver of a mutual insurance company for an assessment made pursuant to the decree of the court appointing the receiver, should include a full copy of the record of the proceedings leading up to the order for the assessment; but objection that the statement does not include the record should be made either in the affidavit of defense or by demurrer, and will not be heard after a trial on the merits.

*Mutual insurance companies—Assessment by receiver.*

The court of Dauphin county in appointing a receiver of a mutual in-

surance company has authority to direct the receiver to levy an assessment for the purpose of paying losses; and assessments made by the receiver under the decree are valid against policy holders.

*Mutual insurance companies—Assessments—Set-off.*

A policy holder of an insolvent mutual insurance company has no right to set off a loss incurred under his policy against an assessment levied by the receiver of the company.

Argued Dec. 13, 1900.   Appeal, No. 148, Oct. T., 1900, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1900, No. 950, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Charles S. Schofield, Receiver of the Ætna Mutual Live Stock Insurance Company, v. Charles H. Lafferty. Before RICE, P. J. BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit to recover an assessment levied by a receiver of a mutual insurance company.

The affidavit of defense averred that the assessments were illegal, and also averred that the defendant had suffered loss by the killing of one mule of the value of $112.50, which sum he claimed to set off against the assessment.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Samuel Gustine Thompson,* for appellant.—In view of the act of 1885 requiring a specific mode for making an assessment and collecting the same, and the appointment of receivers in cases of mutual insurance companies, it is apparent that the record in such cases when sued upon should be fully and completely set forth : Stockley v. McClurg, 14 Pa. Superior Ct. 629.

As the act of 1885 provides a specific manner for assessing policy holders in mutual insurance companies, such methods so prescribed should be accurately pursued and necessarily excludes any other method: Chestnut Hill Turnpike Company v. Martin, 12 Pa. 362; Huntingdon, etc., Turnpike Co. v. Brown, 2 P. & W. 464.

The right of the receiver in this case to sue is based upon an assessment duly made and as the plaintiff's statement shows

no such assessment, it is clear that the appellee has no right to recover.

·William A. Carr, with him Sidney L. Krauss and W. Horace Hepburn, for appellee, cited: Wood v. Standard Mutual Live Stock Ins. Co., 154 Pa. 157; Citizens, etc., Miners Savings Bank & Trust Co. v. Gillespie, 115 Pa. 512; Capital City Mut. Fire Insurance Co. v. Boggs, 172 Pa. 91; Kramer v. Boggs, 5 Pa. Superior Ct. 402; Hillier v. Allegheny County Mut. Ins. Co., 3 Pa. 470; Dettra v. Spielberger, 5 Pa. Dist. Rep. 262.

OPINION BY WILLIAM W. PORTER, J., April 16, 1901:

The appellant claims that the judgment should be reversed because of the insufficiency of the statement of claim. This court held in Stockley v. McClurg, 14 Pa. Superior Ct. 629, that the plaintiff's statement in a suit by a receiver for an assessment made pursuant to the decree of the court appointing the receiver, should include a full copy of the record of the . proceedings leading up to the order for the assessment. The plaintiff's statement in this case does not include such a copy of the record. But in the case cited, the objection was directly made in the affidavit of defense filed. It was passed upon by the court below. In this case the objection was not raised by the affidavit nor by a demurrer. The attention of the court below does not seem to have been called to the defect. No injury seems to have befallen the defendant by reason of the failure to append the copy of the record, since in his affidavit in setting forth other matters of defense, he exhibits knowledge of the proceedings which led up to the decree for the appointment of the receiver and the order for the assessment. The main purpose of requiring a full record to be appended to the statement of claim is that the defendant may be informed of the proceedings which culminated in a decree upon which the liability for the assessment is founded. Furthermore, had the point been raised in the court below, the plaintiff would have been given opportunity to amend, since the objection is not in bar of the action. In view of these circumstances, we distinguish this case from the case above cited.

The appellant contends that the act of 1885 contemplates action by the officers of the company to assess and collect from

the policy holders before the appointment of a receiver by the
court. The act provides, that it shall be the duty of the at-
torney general to apply to the court of common pleas of the
county in which the seat of government is located, for an order
to show cause why the company's business should not be
closed, in cases where he has been notified of the return of
nulla bona upon an execution against the company; and that
" upon the hearing of such rule or order, the court . . . . shall
direct the officers of the said company to assess and collect
from the policy holders thereof, a sum sufficient to satisfy said
judgment and execution, and all other claims against said com-
pany, or make any other order or orders in the premises as may
appear to such court . . . . just and necessary, and in case it
shall finally appear to said court . . . . that the company afore-
said cannot collect from its members sufficient funds to satisfy
the claims against it, the said company shall be adjudged insol-
vent and the court . . . . shall decree its dissolution and ap-
point a receiver," etc.

The statement of claim recites that application was made by
the attorney general to the Dauphin county court, " suggest-
ing the insolvency of said company and praying for the appoint-
ment of a receiver; " and that the said court subsequently
appointed a receiver and directed him to make an assessment
for the purpose of paying the losses. It will be seen that the
point raised by the appellant involves a collateral attack upon
the decree of the court of Dauphin county. This may not be
permitted : Eichman v. Hersker, 170 Pa. 402 ; Capital City Mut.
Fire Ins. Co. v. Boggs, 5 Pa. Superior Ct. 394 ; Stockley v. Hart-
ley, 12 Pa. Superior Ct. 628. But the appellant asserts that he
has raised a jurisdictional question; that want of jurisdiction
appearing, the defect may be taken advantage of at any time and
in any court, and in support of this proposition cites Wall v.
Wall, 23 W. N. C. 238. We may well concede the doctrine of
the case cited, and that if the record of the Dauphin county court
on its face disclosed a want of jurisdiction, the appellant might
raise the question in this proceeding. We are of opinion, how-
ever, that on the face of the record, as it now stands, no such
jurisdictional defect appears. The act quoted shows that on
the hearing of a rule or order made at the suggestion of the at-
torney general, the court may direct the officers to proceed and

assess, or may make any order in the premises as may appear to the court just and necessary. The statement of claim shows that a suggestion of insolvency was made by the attorney general, and that on that suggestion the court made an order for the appointment of a receiver and followed it by the order for an assessment. This was doubtless done under the alternative and discretionary power given to the court by the very words of the act,—a power which without the act, would, there is little doubt, be exercisable by a chancellor : Citizens', etc., Savings Bank & Trust Co. v. Gillespie, 115 Pa. 564. We must assume that the order made was just and necessary, and that the proceedings as to form were in accordance with law.

The appellant urges also that he had the right to set off, as against the assessment sued for, a loss suffered under the policy held by him. He cites no authority in support of the proposition, which, we are of opinion, is determined against him by the case of Hillier v. Allegheny Mut. Ins. Co., 3 Pa. 470, in which the discussion of the question is closed by Chief Justice GIBSON, thus : " The plain and practicable plan of settling the affairs of an insolvent company of mutual insurers, is to liquidate its means and its responsibilities separately."

The judgment of the court below is affirmed.