# Athens Car and Coach Company *v.* J. L. Elsbree, Appellant.

*Practice, C. P.—Pleading—Appending copy of writing to statement.*

Failure to append to the statement of claim a copy of the writing sued upon may defeat judgment for want of sufficient affidavit of defense, and may subject the plaintiff to rule for more specific statement, or to demurrer. After plea pleaded and issue joined upon the statement, the failure to append a copy does not prevent admission of the original writing in evidence if properly proven at the trial.

*Evidence—Witness—Refreshing memory—Memorandum in writing.*

A witness may be permitted to refresh his recollection from a written notice which, while not in his own handwriting, nevertheless, bore his signature, and which, according to the best judgment of the witness, was written at his order by the clerk employed by the company of which he was acting as temporary secretary.

*Corporations—Stock subscriptions— Calls — Statute of limitations—Assignment for creditors.*

A call made by a board of directors within six years from the date of a subscription payable under the by-laws as required by the directors, fixes the liability of the subscriber for the amount so-called, and suit for the said amount by an assignee for creditors, brought within six years from the date of the call, is not barred by the statute.

Argued Jan. 20, 1902. Appeal, No. 54, Jan. T., 1902, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1899, No. 217, on verdict for plaintiff in case of Athens Car and Coach Company, now to use of C. W. Tidd, Assignee, v. J. L. Elsbree. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit upon stock subscription. Before DUNHAM, P. J. At the trial the following offer was made:

Mr. Maynard: We now offer in evidence this subscription list marked, "Exhibit A," to be followed by evidence showing that Mr. Elsbree paid a certain amount on this subscription, amounting to thirty per cent of the entire subscription.

Mr. Maxwell: We object to the offer.

1. That the evidence shows that the instrument has been altered and changed, and that the signature is not in the handwriting of the defendant, and it is therefore inadmissible.

2. That no copy of the paper upon which suit has been brought was attached to the statement or declaration filed in this case, as required by the act of 1887, and therefore it is inadmissible.

Objection overruled. Defendant excepts. Bill sealed for defendant. [1]

When M. H. Sawtelle was on the stand, he was asked this question:

Mr. Mercur: Q. (Showing " Exhibit D " to the witness): Upon inspection of " Exhibit D," state whether or not your memory is refreshed as to the form of the notice that you have testified that you gave, by an examination of the letter now in your possession.

Mr. Maxwell: We object, that " Exhibit D " is not in the handwriting of the witness; that he has no right to refresh his recollection from the memorandum or writing made by somebody else, and that the question is incompetent, irrelevant and immaterial.

The Court: We understand that " Exhibit D " is signed by the witness.

Objection overruled. Defendant excepts. Bill sealed for defendant. [2]

Mr. Mercur: " Q. Answer the question. A. Why, that is an exact copy of this resolution, and I should say it was a copy of the notices that were sent to all the stockholders. Now, that is what I should think it would be."

Mr. Maxwell: " Q. That is what you think it ought to be? A. Yes, sir; or would be. I have no reason to believe that there was any other kind of a notice sent, except that, for it is an exact copy of the resolution, and it states what it is."

Mr. Mercur: We now offer in evidence paper marked " Exhibit D."

Mr. Maxwell: We renew our objection.

Objection overruled. Defendant excepts. Bill sealed for defendant. [2]

The court charged in part as follows:

[So that until the directors of the corporation required the capital stock to be paid in, it was not due and not payable by the person who subscribed for it. Consequently the statute of

limitations would not begin to run as against the subscription, or against the agreement to take stock in the company, until the directors had required that amount to be paid in.] [3]

[But if you believe that the directors on July 10, 1893, re-quired the stockholders to pay in fifty per cent upon their sub-scriptions to stock, then on June 4, 1899, when this suit was begun, that portion of the stock was not barred by the statute of limitations, and if you believe that Mr. Elsbree subscribed for $500 of stock, and that the directors required fifty per cent of that stock to be paid in on July 10, 1893, and this suit was brought within six years of that time, the plaintiff in this case would be entitled to recover for that amount of stock that was required at that time to be paid in, with six per cent interest on it from the time of the passing of that resolution by the board of directors of the corporation, until the time of your verdict.] [4]

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions. (3, 4) Above exceptions, quoting them.

*William Maxwell*, for appellant.—The copy of the subscrip-tion paper should have been filed with the statement: Stockley v. McClurg, 14 Pa. Superior Ct. 629.

The court below committed an error in permitting the wit-ness, M. H. Sawtelle, to refresh his memory from a writing not made by the witness nor in his handwriting.

The claim was barred by the statute: Pittsburg & Connells-ville R. R. Co. v. Byers, 32 Pa. 22; Shackamaxon Bank v. Disston, 4 Pa. C. C. Rep. 201; Smith v. Bell, 107 Pa. 352; Boustead v. Cuyler, 116 Pa. 551; Swearingen v. Sewickley Dairy Co., 198 Pa. 68; McCully v. Pittsburg & Connellsville R. R. Co., 32 Pa. 25; Shackamaxon Bank v. Dougherty, 20 W. N. C. 297; Franklin Savings Bank to use, etc., v. Bridges, 20 W. N. C. 43; Citizens' and Miners' Savings Bank & Trust Co. v. Gillespie, 7 Cent. Repr. 523; Bunn's Appeal, 105 Pa. 49; Appeal of Thompson Bell, 6 Cent. Repr. 160.

*Rodney A Mercur*, with him *H. F. Maynard*, for appellee.

OPINION BY WILLIAM W. PORTER, J., March 14, 1902:
Failure to append to the statement of claim, a copy of the

writing sued upon may defeat judgment for want of sufficient affidavit of defense, and may subject the plaintiff to rule for more specific statement, or to demurrer.    After plea pleaded and issue joined upon the statement, the failure to append a copy does not prevent admission of the original writing in evidence if properly proven at the trial: Schofield v. Lafferty, 17 Pa. Superior Ct. 8.    This disposes of the first assignment.    The appellant complains by his second assignment that a witness was permitted to refresh his recollection from a written notice which, while not in his own handwriting, nevertheless, bore his signature, and which, according to the best judgment of the witness, was written at his order by the clerk employed by the company of which he was acting as temporary secretary.    The assignment is dismissed.

The remaining assignments may be disposed of together. Whatever the lack of harmony in the decisions in Pennsylvania in respect to the necessity for demand within six years from the contract of stock subscription in order to toll the statute of limitations, it is safe to say that a call made by a board of directors within six years from the date of a subscription payable under the by-laws as required by the directors, fixes the liability of the subscriber for the amount so-called, and that suit for the said amount by an assignee for creditors, brought within six years from the date of the call, is not barred by the statute. See Swearingen v. Sewickley Dairy Co., 198 Pa. 68, and cases there cited and discussed.    This conclusion determines the main question raised by this appeal against the appellant.

The judgment is affirmed.