Smith, Kline and French Company *v.* Rebecca M. Smith, Appellant.

*Sale—False representations—Fraud—Rescission—Affidavit of defence.*

In an action to recover damages for failure to deliver goods sold by defendant to plaintiff, an affidavit of defence is sufficient to prevent judgment, which avers that the agent of plaintiff stated to defendant that plaintiff desired to purchase an article manufactured by defendant, but that a competitor had offered to sell the article to plaintiff for a certain price, and that plaintiff would give defendant the order if she would sell the article at the same price; that believing that the statement was true, and relying upon it, defendant made the contract sued upon; that in point of fact the statement was a malicious lie, intentionally made for the purpose of cheating and defrauding defendant into selling the article far below its market price.

*Practice, C. P.—Statement—Act of May 25, 1887.*

A statement of claim is not in violation of the act of May 25, 1887, P. L. 271, which uses the form of a declaration or narr, customary under the old practice, if the statement sets out a cause of action with the exact dates, amounts and particulars of contract sued upon, with no irrelevant or impertinent matter.

Argued Jan. 13, 1895. Appeal, No. 12, July T., 1894, by defendant, from order of C. P. No. 4, Phila. Co., September Term, 1893, No. 110, making absolute a rule for judgment for want of a sufficient affidavit of defence. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for breach of contract to deliver goods.

Plaintiff's statement was as follows:

"On the thirty-first day of August, 1893, at the county of Philadelphia, the said plaintiff, at the special instance and re-

quest of the said defendant bargained for and agreed to buy of the said defendant one hundred gross of boxes of Mrs. R. M. Hunter's invisible powder, upon the following terms, to wit: that such powder should be delivered by the said defendant to the said plaintiff at such time within one year from August 31, 1892, as delivery thereof should be requested by the said plaintiff, and that the said plaintiff should pay the said defendant for the said powder at the rate of twelve dollars per gross of boxes, with a discount of two per centum off of the said price for a payment upon the delivery of the said powder, and thereupon in consideration of the premises, and also in consideration that the said plaintiff, at the like special instance and request of the said defendant, had then and there undertaken and promised the said defendant to take the said powder within the said year, and to pay the said defendant for the same at the said rate, the said defendant undertook and then and there promised the said plaintiff that she would deliver the said powder to the said plaintiff at the time and in the manner aforesaid.

" On the twenty-ninth day of August, 1893, within one year from the said August 31, 1892, at the county aforesaid, the said plaintiff requested the said defendant to make delivery of the said powder to it, the said plaintiff, and the said plaintiff was at the said time and until the commencement of this action, ready and willing to accept a delivery of said powder, and to pay the said defendant for the same, at the rate aforesaid, whereof the said defendant then and there had notice, but the said defendant, not regarding her said promise and undertaking, did not, nor would then, or at any time since, deliver the said powder to the said plaintiff, but on the contrary thereof the said defendant has hitherto wholly refused and still refuses so to do.

" On the said twenty-ninth day of August, 1893, at the county aforesaid, the market value of the said one hundred gross of boxes of the said powder was sixteen hundred and sixty-six dollars, and the price under the contract aforesaid was eleven hundred and seventy-six dollars, whereby the said plaintiff was damaged by the refusal of the said defendant to deliver the said powder as aforesaid to the amount of four hundred and ninety dollars.

" On the twenty-ninth day of September, 1892, at the county aforesaid, the said plaintiff, at the special instance and request

of the said defendant bargained for and agreed to buy of the said defendant two hundred gross of boxes of Mrs. R. M. Hunter's invisible powder, upon the following terms, to wit: that one hundred gross of boxes of such powder should be delivered by the said defendant to the said plaintiff at once after the said purchase, and the remaining one hundred gross of boxes of such powder should be delivered by the said defendant to the said plaintiff on March 1, 1893, and that the said plaintiff should pay the said defendant for the said powder at the rate of eleven dollars and thirty-eight cents per gross, net cash, and thereupon in consideration of the premises and also in consideration that the said plaintiff, at the like special instance and request of the said defendant, had then and there undertaken and promised the said defendant to take the said powder at the said times, and to pay the said defendant for the same at the said rate, the said defendant undertook, and then and there promised the said plaintiff that she would deliver the said powder to the said plaintiff at the times and in the manner aforesaid.

" At once after the making of the said contract, one hundred gross of boxes of said powder were delivered by the said defendant to the said plaintiff and accepted and paid for by the said plaintiff.

" On the said March 1, 1893, and until the commencement of this action, the said plaintiff was ready and willing to accept a delivery of the remaining one hundred gross of boxes of said powder bought by it as aforesaid, and to pay the said defendant for the same, at the rate aforesaid, whereof the said defendant, then and there had notice, but the said defendant, not regarding her said promise and undertaking, did not nor would then, or at any time since, deliver the said one hundred gross of boxes of said powder to the said plaintiff, but on the contrary thereof the said defendant has hitherto wholly refused and still refuses so to do.

" On the said first day of March, 1893, at the county aforesaid, the market value of the said one hundred gross of boxes of the said powder was sixteen hundred and sixty-six dollars, and the price under the contract aforesaid was eleven hundred and thirty-eight dollars, whereby the said plaintiff was damaged by the refusal of the said defendant to deliver the said powder as aforesaid to the amount of five hundred and twenty eight dollars.

" There is therefore now due and owing by the said defend-
ant to the said plaintiff the sum of one thousand and eighteen
dollars, with interest on $490 thereof from August 29, 1893,
and on the balance thereof from March 1, 1893."

Defendant in her affidavit of defence averred :

" That on August 31, 1892, and September 29, 1892, the
time of the making of the contracts set out in plaintiffs' state-
ment, there were two persons engaged in making " R. M. Hun-
ter's Invisible Powder," viz, deponent and one Charles M.
Hooper, each of whom was in that business as competitors as
was well known to plaintiff. On August 31, 1892, one L. E.
Hayer, who was the purchasing agent of plaintiffs, and who
was the only person with whom defendant had any dealing
in relation to the subject-matter of this suit, stated to defend-
ant that plaintiffs desired to purchase from defendant one hun-
dred gross of boxes of said powder, but that said Charles M.
Hooper had offered to sell the same to plaintiffs for $12 per
gross, and that plaintiffs would give defendant the order if she
would sell them at the same price as said Hooper, to wit, $12
per gross. Believing that said statement was true, and in reli-
ance thereupon, defendant made the contract of August 31,
1892, as sued upon. In point of fact said statement was false
and untrue and was wholly a malicious lie of said Heyer inten-
tionally and wickedly made for the purpose of cheating and
defrauding defendant into selling said powder far below its
market price.

" On September 29, 1892, when the second of said contracts
was made, the same fraud and deception were practiced upon
defendant by said Heyer. Deponent cannot say that the prior
allegation of an offer by said Hooper to sell said powder at the
reduced price was in terms repeated by said Heyer, but all
that was said and done was said and done by both parties on
the basis that that malicious lie was the truth, and said Heyer
knew that defendant was acting in reliance thereupon and was
deceived thereby. Said Heyer also then agreed with defend-
ant that if she would sell said powder at said reduced price
plaintiffs would not lower the price to consumers and would
not interfere with defendant's other customers in any way.
Yet after plaintiffs received the first one hundred gross thereof
they at once began to cut the prices and to sell to other cus-

tomers of defendant, thereby demoralizing the trade and seriously injuring her business to an extent beyond plaintiffs' claim in this case.

" Of the falsity of said representation made as aforesaid by said Heyer, defendant had no knowledge whatever, until some time after the last of said contracts was made and after the one hundred gross were delivered, when defendant at once elected to rescind the same and so notified plaintiffs. All of which facts deponent avers are true and she expects to be able to prove them on the trial of the cause.

" And deponent further says she is advised by counsel and suggests to the court that plaintiffs' statement is insufficient in law upon which to found a judgment for want of an affidavit or a sufficient affidavit of defence, and also that plaintiffs have not in and by said statement shown that they at any time made any endeavor to supply themselves with said powder to replace that which defendant refused to deliver, or that if they had it would have cost them the price alleged to be the market price in said statement, or that they have not purchased the same at a much less price or that they have suffered anything more than nominal damages."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*Alex. Simpson, Jr., A. Atwood Grace* with him, for appellant.—Plaintiff's statement is not a " concise statement" of his demand as required by the Procedure Act of 1887 : Barr v. McGary, 131 Pa. 401.

Plaintiff's statement is defective in that it does not aver that any sum is " justly" due from defendant to plaintiffs : Gould v. Gage, 118 Pa. 559 ; Shallcross v. Kohl, 3 W. N. C. 272 ; Thompson v. White, 4 S. & R. 135 ; Proper v. Luce, 3 P. & W. 65 ; Heller v. Ins. Co., 151 Pa. 101.

The appellees cannot enforce an executory contract, the inducement whereof was a deliberate false statement of fact made by them : Pasley v. Freeman, 3 T. R. 51 ; Derry v. Peck, L. R. 14 App. Cases, 359 ; Chandelor v. Lopus, 1 Sm. L. Cases (9th Am. ed.) 322 ; Bispham's Principles of Eq. (3d. ed.) 207

Bishop v. Small, 63 Me. 12; Deming v. Darling, 148 Mass.
504; Ives v. Carter, 24 Conn. 392; McFadden v. Roberts, 35
Ind. 24; Green v. Bryant, 2 Kelley (Ga.) 66; Van Epps v.
Harrison, 5 Hill (N. Y.) 63; Sandford v. Handy, 23 Wend.
264; McAleer v. Horsey, 35 Md. 439; Somers v. Richards, 46
Vt. 170; Page v. Parker, 43 N. H. 369; Crosland v. Hall, 33
N. J. Eq. 111: Light v. Stoever, 12 S. & R. 431; Gilbert v.
Hoffman, 2 Watts, 66; Fisher v. Worrall, 5 W. & S. 478;
Boyds v. Browne, 6 Pa. 310; Cornelius v. Malloy, 7 Pa. 293;
Bokee v. Walker, 14 Pa. 139; Pennock v. Tilford, 17 Pa. 456;
Harris v. Tyson, 24 Pa. 347; Lowry v. McLane, 3 Grant, 333;
Bigler v. Flickinger, 55 Pa. 279; McCall v. Davis, 56 Pa. 431;
Harner v. Fisher, 58 Pa. 453; Holmes's Ap., 77 Pa. 50; Bower
v. Fenn, 90 Pa. 359; Byrne v. Stewart, 124 Pa. 450; Williams
v. Kerr, 152 Pa. 560; Sloane v. Shiffer, 156 Pa. 59; Schofield
v. Shiffer, 156 Pa. 65; Boyd v. Shiffer, 156 Pa. 100; Ellis v.
Andrews, 56 N. Y. 83; McAleer v. Horsey, 35 Md. 439; Kennedy v. Panama Mail Co., L. R. 2 Q. B. 587; Gammell v. Johnson, 47 Ark. 335; Spaulding v. Hedges, 2 Pa. 240; Redgraves
v. Hurd, L. R. 20 Ch. Div. 2; Chandelor v. Lopus, 1 Smith's
L. Cases (9th Am. ed.) 322.

*James Collins Jones, Lewin W. Barringer* with him, for appellee.—The statement filed is a " concise statement " as required
by the act of 1887: Newbold v. Pennock, 154 Pa. 591.

The statement is not defective in not averring that the
amount claimed is justly due: Act of March 21, 1806, P. L.
326; Blanchard v. Hunter, 7 Pa. C. C. 552; Gould v. Gage,
118 Pa. 559; Shallcross v. Kohl, 3 W. N. C. 272; Thompson
v. White, 4 S. & R. 135; Proper v. Luce, 3 P. & W. 65.

One party to a contract of sale cannot rescind it when the
contract was induced by false representations made by the other
party as to the price that has been fixed upon the commodity
in question by a previous bid, offer, or sale: 2 Kent's Com.
486; Humphrey v. Haskell, 7 Allen, 497; Manning v. Albee,
11 Allen, 520; Medbury v. Watson, 6 Metc. 259; Brown v.
Castles, 11 Cush. 350; Veasey v. Doton, 3 Allen, 381; Hemmer v. Cooper, 8 Allen, 334; Mooney v. Miller, 102 Mass.
220; Cooper v. Lovering, 106 Mass. 77; Deming v. Darling,
148 Mass. 504; Page v. Parker, 43 N. H. 369; Bowering v.

Stevens, 2 C. & P. 337; Graffenstein v. Epstein, 23 Kansas, 443; 2 Parsons on Conts., 3d ed. 270; Burns v. Mahomet, 39 Kan. 87; Vernon v. Keys, 12 East, 632; Benjamin on Sales, 2 Am. ed., sec. 449; Schoelkopf v. Leonard, 8 Col. 159; Wiest v. Garman, 4 Houst. 119; Davis v. Meeker, 5 Johns. 354; Saunders v. Hatterman, 2 Ired. 32; Cronk v. Colc., 10 Ind. 485; Richardson v. Noble, 77 Me. 390; Martin v. Jordan, 60 Me. 531; Holbook v. Connor, 60 Me. 578; Bishop v. Small, 63 Me. 12; Bowen v. Davis, 76 Me. 223; Kenner v. Harding, 85 Ill. 364.

OPINION BY MR. JUSTICE MITCHELL, March 11, 1895:

It is not worth while to enter into the elaborate discussions in the cases about the right of a vendor to praise his wares, and the insufficiency of general affirmations of value, and false representations, which the other party should have known better than to rely upon, to justify a rescission. In Graffenstein v. Epstein, 23 Kans. 443, it was held that a false and fraudulent representation as to the market price of a commodity made by a purchaser who knew the price, to a seller who did not, would not avoid the contract. The opinion of BREWER, J., contains as strong a presentation of that view as we have found anywhere, but even it puts the case on the absence of any confidential relation between the parties, or peculiar means of knowledge on the part of the purchaser, as the article, wool, was one of general commerce, whose market price was matter of public knowledge and could be ascertained by any one by reasonable effort and inquiry. We may concede all this, though no Pennsylvania case has been cited which goes so far, but what the defendant here sets up in her affidavit is not a mere opinion or even a false representation as to value, or market price, or other matter of general knowledge which the vendor was bound to know or to inquire about, but an explicit, circumstantial misstatement of a fact conducing and intended to influence the vendor's action, and whose falsehood she could not reasonably detect. A very slight knowledge of the competition of business will suffice to show that one dealer may be willing to sell under the market price to gain a new customer, and the inducement to the other to do likewise to retain a customer in danger of going over to his rival. An explicit

positive false statement by the purchaser of such fact, under such circumstances is a fraud which will justify a rescission of the contract.

The other matters of defence as to breaches of agreement not to cut prices etc. are not averred explicitly enough to be available in the affidavit. Whether they were conditions or inducements of the sale, or mere promises as to future action does not clearly appear.

The objections to the plaintiff's statement cannot be sustained. That it sets out the cause of action more formally and elaborately than is absolutely necessary under the act of 1887, and in so doing uses some of the language of the time honored forms of declaration is not a defect. The main requirement of the statement under that act is to secure to the defendant clear and exact information as to what is claimed of him. A common count in the old form, without a bill of particulars, would be demurrable for vagueness, but using the general form with the insertion of the exact dates, amounts and particulars of the contract sued on but with no irrelevant or impertinent matter, could hardly be objectionable for furnishing too much information instead of too little.

Judgment reversed and a procedendo awarded.