Frank B. Stockley, Receiver of the Peoples Mutual Live Stock Insurance Company of Pennsylvania, v. Beecher M. Hartley and Chas. W. Hartley, trading as Hartley Brothers, Appellants.

*Jurisdiction, C. P.—Insolvent insurance company—Assessments.*

An order making an assessment against the members of an insolvent mutual live stock insurance company is entirely within the jurisdiction of the court making it, and when made is conclusive of all prior matters involved in it, and it cannot be questioned in any collateral or ancillary proceeding.

If the assessment is grossly excessive the interference of the appellate court may be invoked, but it must be shown that the discretion of the court below has been improvidently exercised.

*Insolvent mutual insurance company—Defenses to assessments.*

A receiver may elect to waive the time limit for suit in a policy and pay all losses without respect to that condition, and other policy holders may not set up such action as a defense in a suit for their assessments; such limitation is made exclusively for the benefit of the company.

*Liability of members for assessments in lapsed policies.*

The refusal of a member of a mutual company to pay his assessment, although such refusal took away from him the right to recover from the company any loss which he might subsequently suffer, does not nullify his obligation to pay what others had suffered at the time he was under obligation by reason of his membership, to join in bearing the loss.

Argued Dec. 16, 1899. Appeal, No. 58, April T., 1900, by defendants, from judgment of C. P. No. 1, Allegheny Co., June T., 1899, No. 21, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that the action was assumpsit to recover assessments against defendants to the amount of $626.33 under the decree of the court of Dauphin county directing plaintiff receiver to levy an assessment upon the policies or certificates of membership of said company, the decree by McPherson, J., being as follows:

And now, September 13, 1898, on the hearing of the within petition, presented by E. Cooper Shapley, attorney for the receiver of said company, and on his motion, it is hereby ordered and decreed that Frank B. Stockley, receiver of the within named corporation, be and is hereby authorized to levy and collect an assessment and assessments upon the outstanding policies of the said company, in force on the dates of the respective losses, according to the following schedule, to wit: (Here was set out a list of the policy holders and the percentage).

It is further ordered and decreed that the said receiver give due notice of thirty days of said assessment; and that he is hereby authorized to collect the said assessments by suit or suits at law, to be instituted before an alderman, justice of the peace, magistrate, or courts of record in this commonwealth, or elsewhere, and to take all other legal steps for the recovery of the same. And that he be further authorized to carry on to a determination all suits heretofore instituted or to be brought by himself for the collection of assessments legally due to said company, provided, that this decree shall not be construed to prevent any individual member from setting up any defense he may have to the collection of the same. And that, as this assessment is intended to be a final one, the said receiver is further authorized to settle with and release from all further liability to the said company, such policy holders as may voluntarily pay the said assessment; and, further, that the said receiver be authorized to settle and compromise, on the best terms obtainable and at his discretion, all claims against its policy holders arising on assessment or otherwise.

The affidavit of defense set up inter alia, that defendants had received no notice of the application to the Dauphin county court of the making of the decree nor of making the decree itself, nor were they parties to the said decree.

That the said decree itself, however, provides that "this decree shall not be construed to prevent any individual member from setting up any defense he may have to the collection of the assessment."

The affidavit further denies that the assessments made are just, legal or correct, but on the contrary alleges and avers that the same are excessive, oppressive and illegal. That no liability exists upon the part of the insurance company as to many policies contained in said decree, and especially, as deponent is advised, believes and expects to be able to prove, all the policies mentioned in said decree the date of loss under which occurred prior to November 3, 1897. This being so, the entire decree will be radically wrong in every assessment and every particular, and defendant would not be liable thereunder at all.

The supplemental affidavit of defense averred that each and all of the policies provided that a failure on the part of the insured to pay any dues or assessment for the mortuary or expense funds within the time provided for in the notice of assessment, shall then and thereupon render this policy null and void.

That said defendants intentionally, and for the purpose of rendering said policies null and void, refused to pay any of said dues or assessments after November 13, 1897, and that all of the policies the said defendants held in said company, including those referred to in this suit, then and thereupon became null and void, and were so treated as null and void by the said company.

That the said policies became null and void, as aforesaid, at a period prior to the insolvency of the said company, and, as deponent is informed, believes and expects to be able to prove, prior to any losses for which the said company or its receiver is now legally liable; and therefore the defendants deny the right of the said company or its receiver to make any assessment against or to collect any assessments whatever from them, the said defendants.

The court below made absolute the rule for judgment against defendant for the sum of $626.33 filing the following opinion:

[We think it clear that the affidavit of defense in this case fails to set out a sufficient defense to this action, except possibly the allegation in the supplemental affidavit of defense that "the company had treated the policy as forfeited."

However, upon this question we have come to the conclusion that the affidavit fails in not setting out facts which will enable the court to determine whether on a mere question of law thereunder such position is correct.

We do not think the mere statement that the company had treated the policy as forfeited, without stating how or in what manner this was done, is sufficient, and therefore now make the rule for judgment absolute.] [1]

Defendants appealed.

*Error assigned* was in making absolute the rule for judgment.

*Clarence Burleigh*, for appellants.—If the Dauphin county court intended to decree that a member could only set up certain defenses, would it not have said so?

Appellant and other policy holders are not concluded by the decree from defending on any ground that is personal and peculiar to themselves : Wood v. Insurance Co., 154 Pa. 157.

If the insured can show fraud, or only clear mistake, in making the assessment, it constitutes a defense : Buckley v. Ins. Co., 83 Pa. 298, 303.

The liability of defendants may be rebutted by showing fraud, illegality or gross mistake, in making the assessment ; the onus of rebutting it is on defendants, and great latitude should be allowed : Ins. Co. v. Hartshorne, 90 Pa. 465.

Defendant is bound by the assessment made by the directors, unless he can show fraud or gross mistake : Hummell's Appeal, 78 Pa. 320.

In Buckley v. Columbia Insurance Co., 92 Pa. 503, the Supreme Court, in its opinion, says : "It therefore rests with the defendants to show that the assessments were so excessive as to be in themselves evidence of fraud or gross negligence.

In Sinnissippi Insurance Co. v. Taft, 26 Ind. 240, the assessment was for $22,521.26, when the liability for losses was only $12,661, and the Supreme Court of Indiana held the assessment to be illegal.

In our case the assessment was for over $128,000 to collect liabilities of $12,000 : Ins. Co. v. Gackenbach, 115 Pa. 498.

Surely the receiver of an insolvent corporation occupies no higher or better ground in this regard than the directors of a solvent corporation : Hoffman v. Whelan, 160 Pa. 94.

Here was a distinct averment that all of the policies sued upon (*a*) became null and void; (*b*) were treated as null and void by the said company; and (*c*) became null and void at a period prior to the insolvency of the said company, and prior to any losses for which the said company, or its receiver, is now legally liable.

When the court assumes the fact pleaded to be absolutely true, namely, that this suit was brought against the appellants upon policies which were absolutely null and void, and which were recognized as null and void by the company itself, from a time long prior to the insolvency of the company, and any losses for which the company, or its receiver, is now legally liable, how can it be said that the appellee was entitled to judgment, or that the appellants had no defense—does it not demonstrate that the appellee had no case whatever, and that the appellants had a full, just and perfect defense to the whole of the appellee's claim?

*E. Cooper Shapley*, with him *Frank B. Stockley* and *Shiras & Dickey*, for appellee.—The appellants should have inserted in their paper-book a copy of the policy of insurance issued to them upon which their liability to the assessment is based.   It is true there is no contention as to the policies, but there is a condition in them which is very material to this case.   The 12th section provides as follows, viz :

" The insured may discontinue this policy at any time by giving written notice thereof to the secretary of the company and surrendering the policy for cancellation, and at the same time paying all indebtedness to date."

The defense which is first interposed is that the assessment is excessive.

If this were an appeal from the decree of the Dauphin county court authorizing the assessment, then the question as to whether the assessment is excessive would be a proper subject for adjudication, but as it is simply an appeal from the judgment of the court below in a suit brought upon the decree of the Dauphin county court—a collateral proceeding—neither the necessity for the assessment, nor the amount, can be inquired into: Tarbox v. Hays, 6 Watts, 398; Sloan v. McKinstry, 18 Pa. 120; Billings v. Russell; 23 Pa. 189; McDonald v. Simox, 98 Pa. 619;

Ins. Co. v. Boggs, 172 Pa. 91; Kramer v. Boggs, 5 Pa. Superior Ct. 394.

For the information of the court it may not be improper to state that the decree authorizing the assessment was attacked and argued at length in the Dauphin county court by a number of members who had been assessed, upon the ground that it was excessive. That court dismissed their petition to vacate the assessment, held that the same was not excessive or exorbitant, confirmed the decree and directed the receiver to proceed with its collection. A report of this matter may be found in 2 Dauphin Co. Rep. 170.

It has been repeatedly held that the provisions of an insurance policy requiring certain things to be done by a member sustaining a loss within a certain period before the loss becomes fixed as a liability, is for the protection of the company and may be waived: Ins. Co. v. Leavy, 136 Pa. 499; Moyer v. Insurance Co., 176 Pa. 579; Earley v. Insurance Co., 178 Pa. 631; Kramer v. Boggs, 5 Pa. Superior Ct. 394.

The same defense which is now made was made in Susquehanna Insurance Co. v. Leavy, 136 Pa. 499, and was decided adversely to the defendant.

The same question was before the court in Columbian Insurance Co. v. Buckley, 83 Pa. 293, where the whole matter was discussed, and the rule laid down by the Supreme Court as above.

The affidavit of defense should state facts specifically and with sufficient detail to enable the court to say whether or not they amount to a defense: Bank v. Stadelman, 153 Pa. 634.

OPINION BY BEAVER, J., February 16, 1900:

The affidavit of defense, the sufficiency of which is the basis of inquiry in this case, alleges, as a defense to the action brought to recover the pro rata share from the defendants of an assessment laid by a decree of the court of common pleas of Dauphin county upon the policy holders of an insolvent mutual livestock insurance company, that the assessment is excessive in amount and based upon allegations as to liability of the company which are not true in fact, and, in the supplemental affidavit of defense, that the policies in the case of the defendants, by virtue of which a recovery is had from them, were null and void at

the time of the decree of the court directing the levy of the assessment. There is a very marked discrepancy between the amount to be realized by this assessment, as calculated by the appellant and appellee, the appellant alleging that it is ten times the amount of the indebtedness of the company and the appellee that it is six times that amount. In either case it would seem that the amount of the assessment was larger than was necessary to provide for the payment of the indebtedness, but who is to determine that? Clearly the court making the decree. The defendants allege that they had no notice of the application to the court of common pleas of Dauphin county for the making of the decree, but that did not preclude their being heard subsequently in an effort to have the decree modified. How many of the policy holders of the company, whose policies were in force at the time of the making of that decree, were insolvent? How many were dead, whose estates were insolvent? What was likely to be the cost of collecting and distributing the fund necessary to pay all the liabilities of the company? These and other questions were, of course, presented to the court making the decree and there is, therefore, good reason for the rule which has been laid down and is now well established that an order such as this is entirely within the jurisdiction of the court making it, is conclusive of all prior matters involved in it and that it cannot be questioned in any collateral or ancillary proceeding such as the present. The case of Fire Ins. Co. v. Boggs, 172 Pa. 91, and the subsequent phase of the same case, known as Kramer v. Boggs, 5 Pa. Superior Ct. 394, clearly determine this question. " If," as was said by the Supreme Court, in Wood v. Standard Mutual Livestock Ins. Co., 154 Pa. 157, " it clearly appeared that the fact thus alleged (the grossly excessive character of the assessment) is true, it would no doubt be good ground for invoking our interference, but it is denied by the appellee that the assessment is greater than is reasonably necessary for the purpose intended, and his contention is that the losses and expenses attending the collection of such assessments are so great that the net amount likely to be realized is but a small percentage of the gross assessment." Such is the contention of the appellee here and it would seem that all these questions were carefully considered at the time the decree was made and subsequently by the court making the decree.

The decree is further objected to on the ground that there was included in the schedule of losses policies upon which there is no liability by reason of the fact that six months from the time of the loss has elapsed without the bringing of suit, and the defendants allege that four policies held by themselves are of this character. It is sufficient to say in this behalf that the receiver may waive the limitation which is placed in the policy for the benefit of the company and prefer to pay all the losses, without respect to that condition. The defendants cannot set up that defense. The period within which suit was to be brought under the policy was a limitation made exclusively for the benefit of the company and it alone can take advantage of it.

The decree of the court of common pleas of Dauphin county expressly reserves to each individual member of the company the right to set up any defense he may have to the collection of the assessment ordered. This, of course, relates to such defenses as are peculiar to the member and are based upon individual grounds. The defendants allege in their supplemental affidavit of defense, as peculiar to themselves, the fact that they "intentionally and for the purpose of rendering said policies null and void, refused to pay any of said dues or assessments after the 13th day of November, 1897, and that all of the policies of said defendants held in said company, including those referred to in this suit, then and thereupon became null and void, and were so treated as null and void by the said company." This under a paragraph of the policies issued by the company "that a failure to pay dues or assessments for mortuary or expense fund within the time provided for in the notice of assessment shall then and thereupon render this policy null and void." Null and void as to whom? Surely as to the defendants themselves as respects their right to recover from the company. Their own failure did not and could not nullify the right of the company to recover from them their share of the indebtedness of the company. This was a mutual company. The members were bound to each other through the company to discharge their mutual obligations. The refusal of one to pay his assessment, although such refusal took away from him the right to recover from the company any loss which he might subsequently suffer, could not in the very nature of the case

nullify his obligation to pay what others had suffered at the time he was under obligation, by reason of his membership, to join in bearing the loss: Susquehanna Ins. Co. v. Leavy, 136 Pa. 499; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575. Taking the original and supplemental affidavits of defense together and assuming that everything therein set forth is true, they do not constitute a legal defense to the plaintiff's claim. The court below was correct, therefore, in making absolute the rule for judgment for want of a sufficient affidavit of defense.

Judgment affirmed.