# Stockley *v.* McClurg.

*Pleading—Accuracy and precision essential to statement.*

Accuracy and precision have no terrors except for the careless and incompetent, and the act of 1887 was not intended to do away with them. As to all matters of substance, completeness, accuracy and precision are as necessary now to a statement as they were before to a declaration in the settled and time honored forms: Fritz *v.* Hathaway, 135 Pa. 274.

*Practice, C. P.—Suits by receivers of insurance company—Copy of record of Dauphin county proceedings.*

In an action by the receiver of an insurance company to collect assessments, the plaintiff's statement is defective and insufficient when not accompanied by a full copy of the record of Dauphin county court. The decree is only a portion of the record, which is a statutory requisite to establish the plaintiff's claim, and a copy of the whole record should accompany the statement in order to comply with the provisions of the act of 1887.

Argued April 24, 1900. Appeal, No. 91, April T., 1900, by defendants, in suit of Frank B. Stockley, receiver of the Peoples' Mutual Live Stock Insurance Company of Pennsylvania, against John McClurg, Joseph G. McClurg, Hannah McClurg and George W. Watson, trading as James McClurg & Company, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 319, in favor of plaintiff, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by ORLADY, J. BEAVER, J., dissents.

Assumpsit. Before KENNEDY, P. J.

It appears from the record that plaintiff brought suit to recover an assessment against the defendant upon outstanding policies which were in force on the dates of the losses. Attached to and made part of the statement filed in the case is a copy of the decree of the common pleas of Dauphin county in the equity proceedings. The affidavit of defense set up, inter alia, as follows:

Defendants are advised and believe that said plaintiff cannot maintain this action, for the reason that the same is not brought in accordance with the act of assembly of the commonwealth of Pennsylvania, approved May 25, 1887, in that the

statement filed by the plaintiff is not a concise statement of plaintiff's demand, nor is said statement accompanied with a copy of the record of the alleged proceedings in equity at No. 463, in the court of common pleas of Dauphin county, as required by said act.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense in the following opinion:

[This case was argued with No. 395, May term, 1899, in which judgment was refused and to the opinion filed in that case we refer here.

As stated in that opinion we do not consider it necessary for the plaintiff to have filed with his statement of claim a copy of the decree of the court of common pleas of Dauphin county, appointing him receiver, simply for the purpose of maintaining this suit, and had not the affidavit of defense in that case denied the insolvency of the insurance company, thus making valid as a defense the set-off therein alleged, we would have entered judgment in that case in favor of the plaintiff.

In the present case the affidavit of defense does not deny the insolvency of the company, and considering, as we do, that the matters set up therein as a defense to the plaintiff's claim have been judicially passed upon and determined against the defendants, we are of opinion that the affidavit is insufficient and that this rule must be made absolute. It is so ordered.] [1]

Judgment for plaintiff for $694.57. Defendants appealed.

*Error assigned* was in making absolute the rule for judgment, reciting opinion of the court below.

*Clarence Burleigh*, with him *George W. McLean*, for appellants.—The statement filed is insufficient under the 3d section of the Act of May 25, 1887, P. L. 271: Campbell v. Railway Co., 137 Pa. 574; Finch v. White, 190 Pa. 86; Dettra v. Hoffman, 5 Del. 321.

*C. C. Dickey*, with him *Frank B. Stockley*, for appellee.—We do not understand the act of May 25, 1887, to require anything more in a declaration than " copies of all notes, contracts, book entries, or a particular reference to the records of any court

within the county in which the action is brought, if any, upon which the plaintiff's claim is founded." The act nowhere requires an exemplification of a voluminous record, only one part of which affects the liability of the defendant. This declaration contains a full copy of the instrument sued on, the decree levying the assessment.

Campbell v. Railroad Co., cited by appellant, does not sustain their contention. In that case the record contained no copy of the decree sued on. The Supreme Court did not say that the declaration must contain a copy of the entire record in the case of Trust Co. v. Railroad, which record, found at No. 22, May term, 1885, contained about 1,500 pages of matter irrelevant to the case before the Supreme Court. What the Supreme Court criticized was the omission of the decree of the United States circuit court. It may fairly be inferred from the opinion that if a copy of the decree had been filed, the declaration would have been sufficient. Justice MITCHELL, delivering the opinion, says: " The importance of such copies is well exemplified in the present case. . The decree of the circuit court requires the purchaser at the sale to take subject to ' all unpaid purchase money for any of the lands or rights of way herein referred to.' What we are so referred to, one can only conjecture. For all that appears in the statement, they may be especially described lands and rights of way, of which plaintiff's is not one." Had a copy of the decree been set forth, the court would have had before it all of the information necessary to a decision of the case.

The decision of the Superior Court in Finch v. White does not apply to this case. That was an action upon a foreign judgment, to sustain which the defendant must have been a party to the original suit. A return of service or its equivalent was the foundation of the judgment. Its absence was fatal. No part of the record had been filed except the docket entries. The full copy of the record mentioned in the opinion of the Supreme Court was necessary in order to show a valid judgment against the defendant.

No such necessity exists here. It is admitted that the common pleas of Dauphin county had jurisdiction of the case, and that it appointed a receiver for this insolvent insurance company. No notice to defendant of the application for the claim

making the assessment was necessary. The decree itself, which is fully set out is the foundation of this action, and the copy of the decree is the "copy of the record" mentioned in the decisions cited by appellant. The record set out in this case is the same as the record set out in Stockley v. Hartley Brothers, 12 Pa. Superior Ct. 628, and in Stockley v. Riebenack, 12 Pa. Superior Ct. 169. In the former case this court affirmed a judgment of the common pleas, No. 1 of Allegheny county, in favor of the receiver. In the latter case, the court reversed a judgment of the common pleas, No. 4 of Philadelphia county, against the receiver, and entered judgment in his favor. The record here set out is also substantially the same as the record in Kramer v. Boggs, 5 Pa. Superior Ct. 394, where the declaration was held sufficient to entitle a receiver to a reversal in his favor. In none of the cases of receivers of insolvent insurance companies which have been decided by the Supreme Court and by this court, so far as we have been able to discover, has the plaintiff set out, or been required to set out, anything more than the decree upon which the suit was brought. The obvious objection to setting out many pages of irrelevant matter is the expense to both parties, the incumbering the record with matters that have no bearing upon the issue, and increasing the space occupied by the record itself.

We submit that we have fully complied with the requirements of the act of 1887, and that it will not be strained in favor of a defense which at best is a mere technicality.

OPINION BY ORLADY, J., July 26, 1900:

By a decree of the court of common pleas of Dauphin county, sitting in equity, the plaintiff was appointed receiver of the Peoples' Mutual Live Stock Insurance Company of Pennsylvania and authorized to levy and collect assessments according to a schedule annexed, upon the outstanding policies which were in force on the dates of the losses, and to give notice thereof and collect the assessments by suits at law, etc.

This suit was brought against the defendants, who were policy holders in the said company, to recover the percentages assessed upon the policies held by them. An affidavit of defense was filed, in which a number of defenses to the action were set out, but all of which, save one, have been disposed

of by this court in Stockley v. Hartley Brothers, 12 Pa. Superior Ct. 628. Attached to and made a part of the statement filed in the case, is a copy of the decree of the court of common pleas of Dauphin county, but the defense is not accompanied with a record of the proceedings in the Dauphin county court, and the appellant contends that this omission is fatal to the action. The question was raised in the affidavit of defense filed, but the learned court below did not consider that it was necessary to attach and make a part of the plaintiff's statement the record of the proceedings in the court which resulted in the appointment of the receiver, and judgment was entered for want of a sufficient affidavit of defense.

By section 3 of the Act of May 25, 1887, P. L. 271, it is provided: "The plaintiff's declaration in . . . . the action of assumpsit . . . . shall consist of a concise statement of the plaintiff's demand, as provided by the fifth section of the act of the twenty-first day of March, Anno Domini, one thousand eight hundred and six, which in the action of assumpsit, shall be accompanied by copies of all notes, contracts, book entries, or a particular reference to the records of any court, within the county in which the action is brought, if any, upon which the plaintiff's claim is founded, and a particular reference to such record of any deed or mortgage, or other instrument of writing recorded in such county, shall be sufficient in lieu of the copy thereof."

The record upon which the action is founded is not a judgment recovered in another county or state against the defendant. While it is more accurate to use the word "judgment" as applied to courts of law, and "decrees" as applied to courts of equity, the former term is now used in the larger sense to include both, and in that sense both are included by the language of the act of 1887. The decree in that proceeding provides: "That this decree shall not be construed to prevent any individual member from setting up any defense he may have to the collection of the same," etc. This proviso was held by this court in Stockley v. Hartley Brothers, 12 Pa. Superior Ct. 628, to relate "to such defenses as are peculiar to the member and are based on individual ground." In the present case there is no denial of the cause of action, or of the jurisdiction of the court, either over the subject-matter or over the

person of the defendant. Nor is there any denial of the plaintiff's identity, or that there was a valid hearing and a proper decree of the court of Dauphin county, as the case was before it at the time the decree was entered. In addition, it is to be presumed that the Dauphin county court has exercised jurisdiction legally. A contrary presumption would necessarily imply usurpation on the part of the court: Mink v. Shaffer, 124 Pa. 280.

The only question presented is the sufficiency of the statement. In Campbell v. Railway Co., 137 Pa. 574, in which the action of assumpsit was founded upon a decree of the circuit court of the United States, Western District of Pennsylvania, sitting in equity, and a judgment for want of a sufficient affidavit of defense was entered by the court below, our Supreme Court, by Mr. Justice MITCHELL, said : " The plaintiff's statement is defective in not exhibiting the full record of the suit in the circuit court of the United States, on which the right to recover against the present defendant depends. The procedure act of 1897, in express terms, requires the statement to be accompanied by all copies of all notes, contracts, etc., and the excepted cases where ' particular reference ' to records is sufficient, are confined to records in the county where suit is brought." The judgment was reversed for additional reasons given in the opinion, but the result would have been the same for the reason first given.

In Bank v. Crosby, 179 Pa. 63, the action was a foreign attachment, founded upon a judgment of the circuit court of Douglass county, Nebraska, and, for want of a sufficient affidavit of defense, a judgment which alleged an insufficient record was finally entered by the court below. The Supreme Court held: " The record of the foreign attachment on which suit was brought is certified in strict accordance with the act of Congress. This is sufficient to make it the basis of the action. The foreign judgment, and not the note referred to, is the foundation of the suit, and hence it was unnecessary that the note should be incorporated in the plaintiff's statement of claim. The refusal of the court to quash the attachment is not reviewable. It is not necessary that plaintiff's statement should set out all the jurisdictional facts. This may be required in an affidavit to show cause of action, but the absence of such facts

from the statement is not alone sufficient to prevent judgment for want of a sufficient affidavit of defense, in which the existence of such facts is not denied."

The merits of the defendant's case have been disposed of in Stockley v. Hartley Brothers, supra, and in Stockley v. Riebenach, 12 Pa. Superior Ct. 169. The main requirement of the statement under the act of 1887 is to secure to the defendant clear and exact information as to what is claimed of him: Smith, Kline & French Co. v. Smith, 166 Pa. 563. The spirit of the act plainly requires that every contract or agreement upon which the claim in any manner depends, even if in parol, shall be averred in the statement. . . . Accuracy and precision have no terrors except for the careless and incompetent, and the act of 1887 was not intended to do away with them. As to all matters of substance, completeness, accuracy, and precision are as necessary now to a statement as they were before to a declaration in the settled and time-honored forms: Fritz v. Hathaway, 135 Pa. 274. The plaintiff's statement is defective and insufficient in that it is not accompanied by a full copy of the record of the Dauphin county court. The decree was only a part of the whole record, which is a statutory requisite to establish the plaintiff's claim, and a copy of the whole record should accompany the statement in order to comply with the provisions of the act of 1887.

The judgment is reversed and a procedendo awarded.

BEAVER, J., dissents.