## Clark, Receiver, v. Davidson.

*Corporations—Suit by receiver against stockholder—Foreign judgment—Non-suit—Evidence.*

1. Where a judgment is recovered against a corporation in a United States court in another state, which renders the corporation insolvent, and its receiver institutes an action in Pennsylvania against a stockholder to collect moneys illegally paid him by the corporation, the production in evidence of the record of the judgment in the Federal court is essential to recovery.

2. The plaintiff's statement should exhibit a complete copy of the record of the suit in the United States court.

Motion for non-suit in an action against Davidson by Clark, Receiver of the Audubon National Bank, tried by the court without a jury. C. P. Lackawanna Co., March T., 1918, No. 234.

*W. J. Fitzgerald,* for plaintiff; *S. B., C. B. & J. H. Price,* for defendant.

POTTER, P. J., 17th judicial district, specially presiding, Feb. 3, 1923.—It was agreed that this case should be heard by the court without a jury, which was accordingly done.

From the records of the case we gather that the defendant owned twenty-five shares of the capital stock in the Audubon National Bank of New York.

That in the year 1911, about Oct. 7th, this bank went into voluntary liquidation, and up to and including Dec. 10, 1912, had declared dividends to its stockholders of 35 per cent., by reason of which the defendant up to that time had received from the said bank the sum of $875 for and on account of the said stock he held in said bank.

It seems that one of the officers of the said bank had embezzled the sum of $50,000 of the moneys of the Keystone Guard. Suit was brought in the United States District Court for the Southern District of New York by one James W. Ballard, Receiver of the Keystone Guard, against the said Audubon National Bank, and a judgment of $50,000 was rendered in favor of the plaintiff, which rendered the said Audubon National Bank insolvent, and suit has been brought against Charles P. Davidson, the defendant in this case, to

oblige him to refund the said sum of $875 paid to him by said bank, in at least part liquidation of his stock, to assist in paying off the said judgment of $50,000 rendered against the said bank. The judgment of the United States District Court of New York was rendered May 21, 1917.

It is contended by the defendant that the plaintiff's statement is fatally defective, in that it does not exhibit a full copy of the record of the suit in the United States court, and a motion for a compulsory non-suit was made at the proper time in the proceedings, which was for the present overruled.

We heard both sides of the case, and held this motion under advisement till the final disposition of the case.

We feel that the motion was well taken. The present suit having for its very foundation the judgment of the United States Court of New York, and as its proceedings in this respect are the basis of the present suit, we think the record of the New York suit should be exhibited in these proceedings: Campbell v. Railway Co., 137 Pa. 574, 585; Stockley v. McClurg, 14 Pa. Superior Ct. 629.

Failing in this regard, the motion will have to be sustained. Had there been no suit in the New York court and no judgment rendered, there would be no suit here in this regard.

And now, to wit, Feb. 3, 1923, for the reasons above given, the motion is sustained and a compulsory non-suit is entered.

From Charles P. Ulrich, Selins Grove, Pa.