# Beaver Valley Lodge, No. 749, I. O. O. F., Appellant, v. First National Bank of Beaver Falls.

*Practice, C. P.—Lost certificate of deposit.*

A bank certificate of deposit having been lost before suit brought tender of indemnity therefor is properly required by the court, as a condition precedent to judgment for want of a sufficient affidavit of defense.   The defendant is entitled to protection from costs and expenses incident to litigation and the offer to indemnify should accompany the summons.

Argued May 11, 1898.    Appeal, No. 104, April T., 1898, by plaintiff, from order of C. P. Beaver Co., March T., 1897, No. 89, dismissing rule for judgment for want of a sufficient affidavit of defense.    Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Assumpsit.    Before WILSON, P. J.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule for judgment for want of a sufficient affidavit of defense.    Plaintiff appealed.

*Error assigned* was refusal of judgment for want of a sufficient affidavit of defense.

*L. E. Grim,* for appellant.—A certificate of deposit is not negotiable paper, and hence a recovery in this action is a complete bar to any subsequent recovery: Wright v. Hart, 44 Pa. 454; Patterson v. Poindexter, 6 W. & S. 227; Charnley v. Dulles, 8 W. & S. 361; Lebanon Bank v. Mangan, 28 Pa. 452; Savings Fund Society v. Savings Bank, 36 Pa. 498.

It is good law, that a party taking an assignment of a security for payment of money, must, if he wishes to protect himself from the equities which thereafter may arise between the original parties, give the payer notice of the fact of the assignment: Rider v. Johnson, 20 Pa. 190; Stephens v. Weldon, 151 Pa. 520; McGowan v. Budlong, 79 Pa. 470; Smith & Co. v. Ewer & Peck, 22 Pa. 117. .

In the following cases no question was raised as to plaintiff's right to recover without security, and from that fact we presume that a recovery can be had without indemnity: Slone v. Thomas, 12 Pa. 209; Boyd v. Com., 36 Pa. 355.

*J. M. Buchanan,* with him *John A. Elliott,* for appellee.— The tender of indemnity is a substantial part of the plaintiff's title, and no right of action would accrue until it was made: Snyder v. Wolfley, 8 S. & R. 328.

OPINION BY ORLADY, J., July 29, 1898:

The plaintiff brought suit on a certificate of deposit, in form as follows:

" No. 1416.                                          $300.00.

" FIRST NATIONAL BANK.

" BEAVER FALLS, Pa., Nov. 22, 1895.

" Trustees of Beaver Valley Lodge, No. 749, I. O. O. F. have deposited with this Bank $300.00.   Payable to their order in current funds on return of this certificate.   If left six months interest to be computed hereon at the rate of three per cent per annum on even months.   Interest to cease in twelve months from date.   This certificate not subject to check.

(Signed)      " W. F. BELL,

" *Assistant Cashier.*"

and in the statement averred :

" That the plaintiff has since lost the certificate of deposit, and, after having made diligent search for the same, has been unable to find the same, and believes that the same has been destroyed," that payment had been demanded and payment refused, and " that it has not assigned, transferred, sold or indorsed said certificate of deposit to any person, and that the right and title thereto is still in itself."

The affidavit of defense, admitted the receipt of the money and the issuing of the certificate, but denied the right of the plaintiff to judgment " until such time as the plaintiff surrender said certificate or indemnify, with security approved by the board of directors of the defendant bank, against loss, by reason of the failure of the said plaintiff to surrender the aforesaid certificate, that the said defendant has always been willing, and is still willing, in case said certificate is lost, to pay the said sum with interest, upon giving security," etc.   A rule for judgment for want of a sufficient affidavit of defense was discharged and the plaintiff appeals to this court.

In Snyder v. Wolfley, 8 S. & R. 328, in an action to recover the amount of a prize drawn in a church lottery, the ticket of which was averred in the declaration to have been lost, the Supreme Court says : " By the express terms of the ticket, whatever prize should be drawn opposite to its number was to be payable only to the bearer; which, by necessary implication, would require the production of the ticket itself; or as an equivalent, in case of its loss, security against damage from payment being made without having it delivered up.   Tender

of indemnity, therefore, was a substantial part of the plaintiff's title, and no right of action would accrue, till it were made; the sufficiency of the security being a matter to be judged of at the trial." If a note is lost after the commencement of the action, it is no objection to the rendition of judgment. Justice may be effectually administered by restraining the plaintiff from issuing his execution without proper indemnity being given: Bisbing v. Graham, 14 Pa. 14; Bigler v. Keller, 8 W. N. C. 323; West Phila. N. Bank v. Field, 143 Pa. 473.

The certificate in this case is stated November 22, 1895, and the affidavit to the statement of claim is made December 23, 1896, by two persons, who described themselves as trustees of the plaintiff lodge, but whether they were the trustees who made the deposit and received the certificate is not stated. Whether they have knowledge of the facts narrated in the statement is as well omitted. All that the defendant fears may exist and yet the affidavit of the trustees be true.

The defendant is entitled to protection from costs and expenses incident to litigation, and where it is admitted that the certificate has been lost before the suit is instituted, the offer to indemnify should accompany the summons; and it can as conveniently be submitted at that time as at a later stage of the action. The trial court would judge of the sufficiency of the security offered to protect the defendant, and his decision to exact it before entering judgment will not be disturbed.

The judgment is affirmed.