## Barclay *v.* Lehigh Coal & Navigation Company, Appellant.

*Check—Lost check—Indemnity—Banks and banking.*

Where a check has been lost in the mail, and the maker upon notice thereof has stopped payment, and it appears that the payee requested that payment should be made by check mailed to him, and had refused to give a simple agreement to indemnify the payee against loss, he cannot thereafter recover the amount of the check by suit, without a prior tender of indemnity.

Argued Oct. 18, 1906.    Appeal, No. 152, Oct. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1905, No. 4,240, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William K. Barclay v. Lehigh Coal & Navigation Company.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Assumpsit for a dividend.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*James McMullan*, with him *H. Gordon McCouch*, of *Dickson & McCouch*, for appellant, cited : Snyder v. Wolfley, 8 S. & R. 328 ; Miller v. Race, 1 Burrows, 452 ; Davis v. Dodd, 4 Taunton, 602 ; Ex parte Greenway, 6 Vesey, 812 ; Bisbing v. Graham, 14 Pa. 14 ; Bigler v. Keller, 8 W. N. C. 323 ; Beaver Valley Lodge v. First Nat. Bank, 7 Pa. Superior Ct. 552.

*W. C. Mason*, of *Mason & Edmonds*, for appellee.

OPINION BY MORRISON, J., February 25, 1907 :

This is an action of assumpsit.    On November 27, 1900, plaintiff was the registered owner of 149 shares of the capital stock of the defendant company, on which a dividend amounting to $223.50 had been duly declared, payable on that day.    On

November 26, 1900, defendant company deposited in the mail, postage prepaid, an envelope addressed to the plaintiff at his proper address in Philadelphia, containing a check to plaintiff's order, for $223.50, in payment of said dividend, pursuant to a written order, dated November 12, 1896, from the plaintiff to the defendant, directing that all such dividends be sent to the plaintiff in that way to that address. Defendant received a letter from plaintiff, dated December 1, 1900, saying that "your check for the dividend due to me on 149 shares has not reached me . . . ." whereupon defendant stopped payment of the check, and on December 19, 1900, requested the plaintiff to sign a statement that the said check was not delivered to nor received by him, and after diligent inquiry, he had failed to obtain any information concerning it, and agreeing to indemnify and save harmless the defendant company against any claim upon said lost check by any holder thereof. This the plaintiff refused to do, and, after waiting nearly five years, brought this suit, although the defendant company had always been ready and willing to pay the amount of said dividend upon receiving such an agreement of indemnity. The above facts, in substance, appear in the affidavit of defense, and it is further averred therein that the defendant could not be compelled to pay said dividend over again until properly indemnified against the said check. The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which rule the court made absolute, without filing an opinion. From this judgment the defendant appeals and assigns this action of the court for error.

From the very nature of the transaction the plaintiff might have received the check and indorsed it for full value to some other person, and such person might have a right of action thereon against the defendant company. Therefore, it seems to us that the defendant's request for a simple agreement to indemnify it against the check before paying the dividend by another check, or otherwise, was reasonable. It seems to us that the plaintiff is in the position of one suing on an equitable title. By his own request the dividend was remitted to him by check, which, without any fault on the part of the defendant, the plaintiff alleges he did not receive. There is, therefore, outstanding the check of the defendant for the amount of the dividend, which it is entitled to have surrendered, or as an

equivalent, security against damage from payment being made without having it delivered up. Under these circumstances, we think, a tender of indemnity is a material part of the plaintiff's title, and no right of action should accrue until it is made. It presents the case of a suit brought before the cause of action is complete. It is well settled that in an action on an equitable title, a tender of everything in the nature of a condition should precede the institution of the action.

In Snyder v. Wolfley and another, 8 S. & R. 328, the plaintiff sued to recover the amount of a prize drawn by him in a lottery, of which the defendants were managers, opposite to a certain ticket, which was averred in the declaration to have been lost. There was sufficient proof that the plaintiff was the owner of the ticket. Upon this state of facts the court, having been requested by the counsel for the plaintiff to instruct the jury that the ticket on which this suit is brought, being lost, it is not necessary that the plaintiff should aver in his declaration, or prove on the trial, that he had offered to indemnify the defendants against any claim which might in the future be founded upon it. The court charged, inter alia, that he would not be entitled to recover, unless he showed that he had offered to the defendants an indemnity against any future claimant. The Supreme Court affirmed this part of the charge, holding, that tender of indemnity, therefore, was a substantial part of the plaintiff's title, and no right of action would accrue until it were made. It is argued here that the reason of that decision is that the ticket was payable to bearer, while the check in the present case was payable to order. But suppose the plaintiff received the check and indorsed it and sold it to another for value, then the defendant company would be liable upon it to as full an extent as if it had been made payable to bearer. The rule is stated in Byles on Bills and Notes (ed. 1874, page 561, 375) : " And it is also now clear that, if a bill, note or check, negotiable either by indorsement or delivery only, be lost, no action will lie at the suit of the loser against any one of the parties to the instrument, either on the bill or note itself, or on the consideration."

In the case of Hansard v. Robinson, cited by Byles, Lord Tenterden said : " Is the holder then without remedy ? Not wholly so. He may tender sufficient indemnity to the acceptor

and if it be refused, he may enforce payment thereupon in a court of equity and this is agreeable to the mercantile law of other countries."

In Miller v. Race, 1 Burrows, 452, Lord Mansfield stated that in the case of Walmsley v. Child, 1 Ves. 345, the bill was dismissed because the administratrix either could not, or would not, give the security required to entitle her to recover on notes lost or destroyed.

In Bisbing v. Graham, 14 Pa. 14, suit was brought upon a note which was subsequently lost. The court in that case allowed a recovery. On appeal to the Supreme Court, it was held that when the note was lost after the commencement of the action, it might go to judgment, but that indemnity must be given before execution is permitted to issue.

In Bigler v. Keller, 8 W. N. C. 323, suit was brought upon a lost note, and a recovery was allowed as to the principal of the debt, upon plaintiffs giving a sufficient bond of indemnity to defendant. On appeal to the Supreme Court this was affirmed.

But our own case of Beaver Valley Lodge v. Bank, 7 Pa. Superior Ct. 552, and cases therein cited, seem to settle this question. There the court below refused judgment for want of a sufficient affidavit of defense in an action brought to recover the amount of a lost certificate of deposit which was payable to order. We held as stated in the syllabus : " A bank certificate of deposit having been lost before suit brought tender of indemnity therefor is properly required by the court, as a condition precedent to judgment for want of a sufficient affidavit of defense. The defendant is entitled to protection from costs and expenses incident to litigation and the offer to indemnify should accompany the summons." That case settles the question in this court.

We may be pardoned for remarking that the plaintiff in the present case seems to have been looking for a lawsuit when he would not sign the simple written statement, required by the defendant, as set forth in the affidavit of defense.

The assignment of error is sustained and the judgment reversed with a procedendo.