## Barclay v. Lehigh Coal & Navigation Company, Appellant.

*Banks and banking — Checks — Mailing check — Indemnity — Evidence—Question for jury.*

In an action to recover an amount of money represented by a lost check, where the evidence is not conclusive that the defendant properly mailed the check, the plaintiff may show by his own testimony that he never received the check without first proving that he had tendered a bond of indemnity to the defendant.

Argued Oct. 14, 1909. Appeal, No. 256, Oct. T., 1908, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1905, No. 4,240, on verdict for plaintiff in case of William K. Barclay v. Lehigh Coal & Navigation Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover the amount of a lost check.  Before
BRÉGY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $329.29.  Defendant
appealed.

*Errors assigned* were (1) ruling on evidence set forth in the
opinion of the Superior Court, and (3) refusal of binding in-
structions for defendant.

*Arthur G. Dickson* and *James McMullan*, with them *H.
Gordon McCouch*, of *Dickson, Beitler & McCouch*, for appellant.

*Wm. Clarke Mason*, with him *Franklin S. Edmonds*, for ap-
pellee.

OPINION BY BEAVER, J., December 13, 1909:

When this case was previously here, 33 Pa. Superior Ct.
214, our decision was based upon the consideration of the
statement and affidavit of defense, the allegations of the affi-
davit of defense being, of course, taken as facts.

The essential facts, as recited by our Brother MORRISON,
who delivered the opinion of the court, were that: "On Novem-
ber 27, 1900, plaintiff was the registered owner of 149 shares of
the capital stock of the defendant company, on which a divi-
dend, amounting to $223.50, had been duly declared, payable
on that day.  On November 26, 1900, defendant company de-
posited in the mail, postage prepaid, an envelope addressed to
the plaintiff at his proper address in Philadelphia, containing
a check to plaintiff's order for $223.50, in payment of 'said
dividend, pursuant to a written order dated November 12,
1896, from the plaintiff to the defendant, directing that all
such dividends be sent to the plaintiff in that way to that ad-
dress."

It was not denied that the plaintiff did not receive the
check, but, inasmuch as the check was assumed to have been
mailed in accordance with the order of the plaintiff, the duty
of the defendant was discharged, and it was, therefore, incum-

bent upon the plaintiff to offer, as he was requested to do, an agreement to indemnify and save harmless the defendant company against any claim upon said lost check by the holder thereof.

At the trial of the case, whilst the testimony of the defendant was such as to justify an inference of the mailing of the dividend check to the plaintiff, it did not establish the fact of the mailing beyond a peradventure. Neither of the employees of the company having charge of the mailing of the check could testify that the particular check, drawn to the order of the plaintiff, had been actually mailed. The question, therefore, became one for the jury and raised an entirely different issue from that presented by the pleadings taken as verity.

After the plaintiff was sworn as a witness, in response to the request of the defendant, the following offer was made: "Mr. Mason: I offer to prove by the plaintiff that he did not receive such dividend on the 27th day of November, nor any time thereafter," to which Mr. McMullan, for the defendant, objected: "I object to any evidence whatever in this case, until evidence is offered showing that the plaintiff has tendered to the defendant an indemnifying bond, as required by the opinion of the Superior Court in this case," upon which offer and objection it was ruled: "The Court: I overrule the objection. In the present condition of affairs, there is nothing to show that any indemnity is needed." This action of the court constitutes the first assignment of error.

The objection of the defendant is, of course, based upon the assumption that the conditions were the same as those before this court at the time our previous decision was made, but they were not the same. Instead of assuming, as we were bound to do in our previous consideration of the case, that the check had been mailed, that question was one for the jury as the case stood when the offer was made, and inasmuch as the jury has found for the plaintiff upon a clear and explicit presentation of the case by the court below for their consideration, we must assume that the check was not mailed by the defendant to the plaintiff and that, therefore, it was not incumbent upon the plaintiff to tender indemnity before bringing suit for the divi-

dend which was due him in 1900. Whether the check was mailed, whether lost in the mail or lost after it reached the address of the plaintiff, as furnished by him to the defendant, were questions clearly submitted to the jury. As the principal summing up of the charge, the court below said: "Are you satisfied from the testimony—from what the officers said and what Mr. Barclay said, that this check was mailed to him at that time? If so, your verdict ought to be for the defendant. If not, your verdict ought to be for the plaintiff."

Both sides asked for binding instructions, which were declined. Although presented in different forms, these are the grounds upon which the defendant seeks to have the judgment reversed. In our opinion, there is no ground for reversal. The court fairly submitted the questions involved to the jury and they were clearly for their decision. Having found as they did, we must assume that the check of the defendant, payable to the order of the plaintiff, for the dividend due November 27, 1900, was not mailed in accordance with the directions of the plaintiff. In that event, the default was that of the defendant and not of the plaintiff, and there was no necessity for indemnity on the part of the plaintiff to the defendant. The judgment was, therefore, properly entered upon the verdict.

Judgment affirmed.