# National Bank of Commerce in Philadelphia, Appellant, *v.* Isador Silver.

*Banks and banking—Checks—Payment—Stopping payment—Suit to recover—Affidavit of defense—Sufficiency.*

An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed, on appeal, in doubtful and uncertain cases, but only in such as involve a clear case of error in law.

In an action of assumpsit for the non-payment of a check, an affidavit of defense is sufficient which avers that the check was negotiable in form, and that the plaintiff had not at any time offered to indemnify the defendant against any claim being made upon the said check in the hands of the holder, or of any person to whom it might be passed in due course for value.

The averment that there is outstanding the check of the defendant for the amount which the plaintiff seeks to recover is a sufficient reason for refusing to enter judgment.

Argued November 13, 1925. Appeal No. 286 October T., 1925, by plaintiff, from order of Municipal Court of Philadelphia, March T., 1925, No. 1332, in the case of National Bank of Commerce in Philadelphia v. Isador Silver. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Assumpsit for non-payment of a check. Before KNOWLES, J.

The opinion of the Superior Court states the case.

Rule for judgment for want of a sufficient affidavit of defense.

The Court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the Court.

*Alvin L. Levi,* and with him *David Mandel, Jr.* and *Julias C. Levi,* for appellant, cited: Mutual Trust Co. v. Parrish, 276 Pa. 422; State v. First National Bank, 17 Pa. Superior 256; Land Title & Trust v. North-

western National Bank, 211 Pa. 211; Helfrich v. Snyder, 269 Pa. 527; Franklin Sugar Refining Co. v. Hanscom, 273 Pa. 98.

*Edwin Fischer,* and with him *Abraham M. Rose* and *George Wentworth Carr,* for appellee.—National Bank of Phoenixville v. Bonsor, 38 Sup. Ct. 275; Gerli v. Perfect Silk Throwing Company, 70 Sup. Ct. 299; Barclay v. Lehigh Coal & Navigation Co., 33 Sup. Ct. 214; McNeely Co. v. Bank of North America, 221 Pa. 588; Ketcham v. Green, 78 Sup. Ct. 369.

PER CURIAM, December 14, 1926:

The court below discharged a rule for judgment for want of a sufficient affidavit of defense and the plaintiff appeals. The statement of the plaintiff averred that the defendant, on August 18, 1924, drew his check upon Blitzstein & Co., payable to the order of Frank Hurowitz; that the payee of the check was a depositor of the plaintiff; that the said payee indorsed the said check and delivered it to the plaintiff and received in cash, in consideration of such delivery, the amount of the check; that the defendant stopped payment of the check and that plaintiff duly presented the check to the drawee and payment thereof was refused. The statement further averred that plaintiff, when payment of the check was refused, mailed the said check to Hurowitz the payee, and that plaintiff was, therefore, unable to attach to its statement a copy of the check. An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed on appeal in doubtful and uncertain cases, but only in such as involve a clear case of error in law. It is not necessary in the present case to consider the sufficiency of the denial in the affidavit of defense of the various paragraphs of the statement by plaintiff of its cause of action. The statement disclosed that the plaintiff had returned the check to the payee. The

affidavit of defense averred that the check was negotiable in form and that the plaintiff had not at any time offered to indemnify defendant against any claim being made upon the said check in the hands of the holder, or of any person to whom it might be passed in due course for value. There is, therefore, outstanding the check of the defendant for the amount which the plaintiff seeks to recover in this action, which is, in the circumstances, a sufficient reason for refusing to enter judgment: Barclay v. Lehigh Coal & Navigation Co., 33 Pa. Superior Ct. 214.

The appeal is dismissed, but without prejudice, &c.