## William Penn Motor Indemnity Exchange, Appellant, *v.* Haddad.

*Insurance—Reciprocal insurance—Exchanges—Attorney in fact— Authority of corporation to act as attorney—Act of June 27, 1913, P. L. 634—Insurance Act of 1921, P. L. 789.*

Under the provisions of the Act of June 27, 1913, P. L. 634, authorizing the creation of reciprocal insurance exchanges, and permitting the designation of an attorney-in-fact to execute contracts of reciprocal insurance, a foreign corporation, upon complying with the Insurance Laws of Pennsylvania, may act as attorney-in-fact.

When an insurance exchange has become insolvent it should be liquidated under the provisions of the Insurance Company Law of 1921, P. L. 789.

Argued April 20, 1925. Appeal No. 169, April T., 1925, by plaintiff from judgment of C. P. Washington County, March T., 1923, No. 241, in the case of William Penn Motor Indemnity Exchange v. Samuel G. Haddad. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on policy of reciprocal insurance. Before CUMMINS, J.

308 WM. PENN MOTOR IND. EX., Apl., *v.* HADDAD.

Statement of Facts—Opinion of the Court.  [86 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Oliver S. Scott,* for appellant.

*C. L. V. Acheson,* and with him *D. M. Anderson,* for appellee.

OPINION BY LINN, J., July 9, 1925:

The Insurance Department Act of 1921, P. L. 789, provides a comprehensive method for the solution of the problems which have arisen in the organization and operation of the exchange involved in this appeal, and while that statute does not seem to have been called to the attention of the court below and was not referred to in the briefs filed or argument made in this court, mere reference to it would ordinarily be sufficient to dispose of this appeal. But, as another appeal, No. 213 April Term, 1925, involving the same exchange, was argued with this, and as we were informed at the argument that a number of suits are pending throughout the state to enforce similar liability, perhaps a brief statement of the case should be made.

By the Act of June 27, 1913, P. L. 634, individuals and others, designated subscribers, were empowered to exchange reciprocal or inter-insurance contracts with each other, to provide "indemnity among themselves for any loss which may be insured against under other provisions of the insurance laws, excepting life insurance." As it would be obviously impracticable for each member of the large group of subscribers personally to attend to the details essential to the performance of what was authorized by the statute, it provided that the reciprocal or inter-insurance contracts with

each other might be executed for the subscriber, and that other things might be done on his behalf, by an attorney, agent, or other representative, who was designated attorney (sec. 2). The subscribers, acting by their attorney, must file a declaration with the insurance commissioner giving certain information, inter alia, the name and title of the office for the exchange of contracts; copies of certain forms to be used; that at least 100 separate applications had been received for risks, aggregating not less than $1,500,000 and that the attorney has on hand available for losses, not less than $25,000 (sec. 3). The attorney must file with the commissioner an instrument appointing the commissioner attorney upon whom process against the subscribers may be served and concerning the effect of it (sec. 4). The maintenance of a reserve in cash or described securities, equal to 50% of the aggregate net annual deposits collected and credited in circumstances described, was required, with a proviso that said sum should never be less than $25,000 and that if it become less, the subscribers or their attorney should make up the difference under penalty of the revocation of the license (sec. 6). The attorney must obtain from the insurance commissioner annually a certificate of authority (sec. 10). There are other provisions which need not now be mentioned. The statute was carried into the Insurance Company Law of 1921, P. L. 682, 774, sections 1001, etc.

Section 101 of that act, (P. L. 683) provided: "The word 'exchange', as used in this act, shall be construed to include only individuals, partnerships, and corporations, authorized by the laws of the Commonwealth to exchange with each other inter-insurance or reciprocal insurance contracts.

"Wherever used in this act, unless a contrary intention is evident from the context, the singular shall include the plural, and the masculine shall include the feminine and neuter."

Pursuant, then, to the Act of 1913, certain sub-scribers organized such an exchange,—the William Penn Motor Indemnity Exchange. They appointed a foreign corporation, the William Penn Underwriters, Inc., attorney in fact; policies were issued in accord-ance with the purpose of the organization. One be-came a subscriber to the exchange by applying for a policy, paying the annual deposit and contract fee, executing the letter of attorney appointing the attor-ney in fact, and accepting the policy. Among the terms of the contract made with his co-subscribers, was that he should "assume without joint liability an amount limited to a sum equal to the amount of my [his] annual deposit under this policy." The record would seem to indicate that the annual deposits made by the subscribers were exhausted, that its required re-serve was gone, and that it was necessary to raise money on the obligation to pay an amount equal to the annual deposit. Two methods seem to have been pur-sued: in some counties suit was brought in the name of the "William Penn Motor Indemnity Exchange by the William Penn Underwriters, Inc., attorney in fact," as in the present case; in others, suit was brought by the William Penn Motor Indemnity Exchange, as in appeal No. 213 (supra), a suit brought in Beaver County.

Plaintiff's statement averred that "losses and nec-essary expenses of the subscribers during the time" the policy was in force, "require the levy of an assess-ment on defendant as a policyholder; that it was made by the proper authority........under the rule that each policyholder should pay his proportionate share of the losses and necessary expenses which happened during the time of his policyholding, limited to a sum equal to the amount of the annual deposit......and no more." Defendant denied the fact of, and the legality of, the assessment. The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 109. The

court held that a corporation could not be an attorney in fact, concluding that the phraseology of the statute indicated that the duty was to be performed by a natural person, and decided that as the corporation was incompetent to act, the contracts of the subscribers were illegal and in violation of the insurance laws of Pennsylvania, and for that reason there could be no recovery.

We all agree that a corporation may act under this statute as attorney in fact and that a foreign corporation may do so on complying with the registration and insurance laws of Pennsylvania; if the legislative intention on that subject expressed in the Act of 1913 was not clear, the supplementary clause containing definitions added in the Act of 1921 (quoted above) removes any doubt that the use of the masculine pronoun was intended to include the neuter, and that the intention was to take in corporations.

The statute requires the maintenance of a reserve, as has been seen; it was not maintained by this exchange. In appellant's brief it is stated that "the real and substantial assets for the payment of losses are the indemnity contracts. It is true that, if recovery on all these contracts was possible, the amount recovered would not be sufficient to pay all of the losses. In this sense, the exchange is insolvent." In such case the Insurance Department Act of 1921, supra, provides what must be done to wind up; sections 501, etc., are an amplification, expressly including exchanges, (sec. 101, P. L. 790), of the Act of June 1, 1911, P. L. 599, providing for the liquidation of insurance companies (Donaldson v. Fortna, 76 Pa. Superior Ct. 403), itself repealed by the Insurance Department Act of 1921, P. L. 820. As the proceedings should have been under this statute, and not such as were brought, we affirm the judgment, but not for the reasons stated in the opinion filed below.

Judgment affirmed.