## McCulloch, Insurance Commissioner, Appellant, *v.* Haddad.

*Insurance—Reciprocal insurance—Trial by court without a jury—Evidence—Nominal judgment.*

In an action of assumpsit to recover an amount alleged to be due under a reciprocal insurance contract tried by the court without a jury, plaintiff's evidence was insufficient to enable the court to determine what sum was payable under the contract. The evidence warranted a finding that defendant owed something, though less than the amount claimed.

In such case the court was justified in refusing to enter judgment for the amount claimed.

Argued April 18, 1928. Appeal No. 485, April T., 1928, by plaintiff from judgment of C. P., Washington County, February T., 1926, No. 326, in the case of Samuel W. McCulloch, now Matthew H. Taggart, In-

surance Commissioner, Commonwealth of Pennsylvania, as such, Statutory Liquidator of William Penn Motor Indemnity Exchange, Dissolved, Appellant, v. Samuel G. Haddad.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Assumpsit to recover assessments under reciprocal insurance contracts.   Before CUMMINS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

Judgment for plaintiff in the sum of 6¼ cents. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Oliver S. Scott,* for appellant.

*D. M. Anderson,* and with him *C. L. V. Acheson,* for appellee.

OPINION BY LINN, J., July 12, 1928:

After the decision of William Penn Motor Indemnity Exchange v. Haddad, 86 Pa. Superior Ct. 307, proceedings to liquidate were had in the common pleas of Dauphin County pursuant to the Act of 1921, P. L. 789, on the application of the Commonwealth ex rel. Woodruff, Attorney-General, against The William Penn Motor Indemnity Exchange, of Pittsburgh, The William Penn Underwriters, Attorney-in-fact, resulting in an order dated November 17, 1925, directing the insurance commissioner "to take possession of the property and assets of the said William Penn Motor Indemnity Exchange, of Pittsburgh, and liquidate its business."   In the performance of that duty this suit was instituted by the insurance commissioner describ-

ing himself "statutory liquidator" of the William Penn Motor Indemnity Exchange, dissolved, against the defendant, Haddad, to recover the sum of $18 under policy 2732 and the sum of $26.25 under policy 6473, issued to him by said exchange, said sums being alleged to be payable by him as subscriber to reciprocal insurance under his contracts. The statement of claim contained a general averment that "The losses and necessary expenses of the subscribers, during the time the defendant's said policies, respectively, were in force, necessitated the levying of an assessment [in the maximum amounts for which he could become liable under his contracts,—$18 in one case, and $26.25 in the other] upon the defendant as a policy holder, and under each of said two policies. Said assessments were made by the proper authority of the subscribers authorized by law to make the same, on September 17, 1921, under the rule that each policy holder should pay his proportionate share of the losses and necessary expenses which happened during the time of his policy holding, limited to a sum equal to the amount of annual deposits on each of his said policies, and no more." The affidavit of defense denied that allegation, as well as the liability under his contracts to pay the sums sought to be recovered in the suit.

In view of the conclusion we have reached, it is unnecessary to state the pleadings at greater length. The case was tried by a judge without a jury under the Act of April 22, 1874, P. L. 109. The claim for $26.25 under policy 6473 was withdrawn for want of proof, leaving the suit to stand for the other sum only. Defendant offered no evidence on the subject of the amount owing. The trial judge considered the case and made findings, concluded that the evidence was insufficient to enable him to determine what sum was payable by defendant under his contract; he deemed it sufficient to find that defendant owed some-

thing, though less than the $18 claimed, which was the maximum his contract required him to contribute in any contingency. A judgment for nominal damages was accordingly entered against defendant, who makes no complaint of that. Plaintiff, who appeals, insists here that the evidence is sufficient to warrant a finding that he is entitled to judgment for $18, and that such judgment should now be entered.

It is unnecessary to enlarge on, or to repeat what was said in the opinion in Haddad's former case (86 Pa. Superior Ct. 307), or to refer to particular provisions of the statute providing for the liquidation of the exchange. It is enough to say that we agree with the conclusion reached below that the evidence is insufficient to find what sum is due. Policy 2372 was dated and issued March 29, 1920, and was in force either for 1 year or for 15 months (depending on which of two possible views of the evidence be taken by the trial court) while the evidence of losses for those periods is not only not given, but what is given is the losses and expenses "for the year of March 1920 to 1921." As defendant's contract did not require him to contribute to any losses sustained prior to March 29, 1920, when he became a subscriber, the evidence of losses and expenses for the period beginning with the month of March, 1920, and for a year thereafter, can obviously not be the basis of calculating his contribution for the period beginning March 29, when his policy was in force, and there is no other evidence in the record to establish the amount of his debt. In such circumstances, further discussion is unnecessary.

Judgment affirmed.